■ MARGARET OGILVIE, Plaintiff, v. JOHN A. SLOWEY, Respondent, and FREDERICK SCHULE, JR., Appellant.— Appeal by defendant Schule from an order of the Supreme Court, Queens County, dated April 22, 1968, which granted defendant Slowey's motion *inter alia* for summary judgment dismissing the action as against Slowey. Order reversed, on the law, with $10 costs and disbursements to defendant Schule against defendant Slowey, and motion denied. No questions of fact were considered. In our opinion, in a negligence action brought against two defendants who had previously been adversaries in another action based on the same automobile accident, one of the defendants may question the sufficiency of the other's defense of *res judicata*, even though plaintiff has not (*Higginbotham* v. *Rath,* 30 A D 2d 93). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.

■ PAGGEY REALTY CORP. et al., Appellants, v. FILIPPO PAGLIARULO et al., Respondents.— Order of the Supreme Court, Suffolk County, dated April 27, 1967, which granted defendants' motion to dismiss the complaint, reversed, on the law, with $30 costs and disbursements, and motion denied. The time to answer the complaint is extended until 20 days after entry of the order hereon. In our opinion, the complaint sufficiently alleges causes of action for malicious prosecution and for abuse of process (*Pagliarulo* v. *Pagliarulo,* 30 A D 2d 840). Christ, Acting P. J., Brennan, Rabin, Hopkins and Martuscello, JJ., concur.

■ P. H. C. INC., Appellant, v. HASKELL WOLF et al., Doing Business under the Name of SCOLARI AND WOLF, Respondents.— Appeal by plaintiff from so much of an order of the Supreme Court, Queens County, dated May 27, 1968, as denied its motion for a protective order. Order modified, on the law and in the exercise of discretion, by adding item 7 to the first ordering paragraph. As so modified, order affirmed insofar as appealed from, with $10 costs and disbursements to respondents. The discovery and inspection shall proceed at the place directed in the order under review at a time to be specified in a written notice of not less than 10 days or at such other time and place as may be agreed by the parties. In our opinion, the documents sought to be discovered in item 7 of the notice to produce are not specified with reasonable particularity (CPLR 3120; *Haftel* v. *Appleton,* 21 A D 2d 651; *Rios* v. *Donovan,* 21 A D 2d 409, 414). Christ, Acting P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH DE GRANDIS and FRANK DE FORTE, Appellants.— Appeals by defendants from an order of the County Court, Nassau County, dated May 23, 1966, dismissed. In view of the fact that the judgments sought to be vacated in this *coram nobis* proceeding have recently been vacated by the Federal courts (on other grounds), the issues raised by the instant appeals have become moot. Beldock, P. J., Christ, Brennan, Rabin and Martuscello, JJ., concur.